FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Mar 11, 2024

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| KELLY J.,<br><br>               Plaintiff,<br><br>v.<br><br>MARTIN O'MALLEY, Commissioner<br>of Social Security,<br><br>               Defendant. | No. 2:23-CV-0166-WFN<br><br>ORDER DENYING PLAINTIFF'S<br>MOTION TO REVERSE THE<br>DECISION OF THE COMMISSIONER<br><br>ECF Nos. 8, 10 |

Pending before the Court are Plaintiff's Opening Brief and the Commissioner's Brief in response. ECF Nos. 8, 10. Attorney Lisa R. Lang represents Kelly J. (Plaintiff); Special Assistant United States Attorney Frederick Fripps represents the Commissioner of Social Security (Defendant). After reviewing the administrative record and the briefs filed by the parties, the Court **DENIES** Plaintiff's motion to reverse the decision of the Commissioner and **GRANTS** Defendant's motion to affirm.

## JURISDICTION

Plaintiff filed applications for benefits on June 2, 2020, alleging disability since June 7, 2017. The applications were denied initially and upon reconsideration. Administrative Law Judge (ALJ) Marie Palachuk held a hearing on June 23, 2022, and issued an unfavorable decision on July 19, 2022. Tr. 16-30. The Appeals Council denied review on May 10, 2023. Tr. 1-6. Plaintiff appealed this final decision of the Commissioner on June 7, 2023. ECF No. 1.

## STANDARD OF REVIEW

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir.

1995).  The ALJ's determinations of law are reviewed *de novo*, with deference to a reasonable interpretation of the applicable statutes.  *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000).  The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error.  *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999).  Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance.  *Id*. at 1098.  Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).  If the evidence is susceptible to more than one rational interpretation, the Court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1098; *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999).  If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive.  *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987).  Nevertheless, a decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision.  *Brawner v. Sec'y of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988).

## SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled.  20 C.F.R. §§ 404.1520(a), 416.920(a); *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987).  In steps one through four, the claimant bears the burden of establishing a prima facie case of disability.  *Tackett*, 180 F.3d at 1098-1099.  This burden is met once a claimant establishes that a physical or mental impairment prevents the claimant from engaging in past relevant work.  20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).  If a claimant cannot perform past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show (1) the claimant can make an adjustment to other work and (2) the claimant can perform other work that exists in significant numbers in the national economy.  *Beltran v. Astrue*, 700 F.3d

386, 389 (9th Cir. 2012).  If a claimant cannot make an adjustment to other work in the national economy, the claimant will be found disabled.  20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

## ADMINISTRATIVE FINDINGS

On July 19, 2022, the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act.  Tr. 16-30.

At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since June 7, 2017, the alleged onset date.  Tr. 20.

At step two, the ALJ determined Plaintiff had the following severe impairments: degenerative disc disease of the cervical and lumbar spine; and obesity.  Tr. 20.

At step three, the ALJ found these impairments did not meet or equal the requirements of a listed impairment.  Tr. 21.

The ALJ assessed Plaintiff's Residual Functional Capacity (RFC) and determined Plaintiff could perform light work subject to the following limitations:

> she could not sit or stand for more than 30 to 60 minutes at one time, so she would need the ability to alternate between sitting and standing every 30 to 60 minutes; she can push/pull bilaterally on a frequent basis; she can perform postural activities occasionally, but can never climb ladders, ropes, or scaffolds; overhead reaching is limited to frequently; she would need to avoid concentrated exposure to extreme temperatures, wetness and humidity, and vibration; and she would need to avoid all exposure to hazards, such as moving machinery and unprotected heights.

Tr. 22.

At step four, the ALJ found Plaintiff unable to perform past relevant work.  Tr. 28.

At step five, the ALJ found there are jobs that exist in significant numbers in the national economy that Plaintiff can perform.  Tr. 28-29.

The ALJ thus concluded Plaintiff has not been disabled since the alleged onset date through the date of the decision.  Tr. 30.

ORDER DENYING PLAINTIFF'S MOTION - 3

1

2        **ISSUES**

3        The question presented is whether substantial evidence supports the ALJ's decision

4 denying benefits and, if so, whether that decision is based on proper legal standards.

5        Plaintiff raises the following issues for review: (A) whether the ALJ properly

6 evaluated the medical opinion evidence; and (B) whether the ALJ properly evaluated

7 Plaintiff's subjective complaints.  ECF No. 8 at 1.

8        **DISCUSSION**

9 **A.    Medical Opinions**

10       Under regulations applicable to this case, the ALJ is required to articulate

11 the persuasiveness of each medical opinion, specifically with respect to whether the

12 opinions are supported and consistent with the record.  20 C.F.R. § 416.920c(a)-(c).  An

13 ALJ's consistency and supportability findings must be supported by substantial evidence.

14 *See Woods v. Kijakazi*, 32 F.4th 785, 792 (9th Cir. 2022).  Plaintiff argues the ALJ

15 misevaluated three sets of medical opinions.  ECF No. 8 at 6-17.  The Court discusses each

16 in turn.

17    **1.    Ryan Agostinelli, PA-C.**

18       PA-C Agostinelli conducted a physical examination on February 6, 2021.  Tr.

19 698-702.  PA-C Agostinelli opined, among other things, Plaintiff was limited to walking or

20 standing less than 4 hours in an 8-hour workday and limited to sitting less than 4 hours in

21 an 8-hour workday. Tr. 701.  PA-C Agostinelli further opined Plaintiff could not "function

22 in full time employment for an 8 hour workday whether seated or standing primarily." Tr.

23 702.  The ALJ found this opinion unpersuasive.  Tr. 26-27.

24       Among other reasons, the ALJ discounted PA-C Agostinelli's opinion as inconsistent

25 with his examination results.  Tr. 27.  An ALJ may discount a clinician's opinions when they

26 are inconsistent with or unsupported by the clinician's own findings.  *See Tommasetti v.*

27 *Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008); *Morgan*, 169 F.3d at 603.  Substantial evidence

28 supports the ALJ's discounting of the opinion on this ground.  Specifically, the ALJ

reasonably found that Plaintiff's "full strength," ability to walk without an assistive device,

ORDER DENYING PLAINTIFF'S MOTION - 4

and manipulative abilities on examination, Tr. 26, undermined PA-C Agostinelli's assessment.  In her brief, Plaintiff fails to meaningfully address this finding.

Because the ALJ gave at least one valid reason for discounting this opinion, the Court need not address the balance of the ALJ's stated reasons for discounting the opinion.  Any inclusion of erroneous reasons was inconsequential and therefore harmless.  *See Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012), *superseded on other grounds by* 20 C.F.R. § 416.920(a).

### 2.    Thomas Genthe, Ph.D.

Dr. Genthe examined Plaintiff on October 27, 2020, conducting a clinical interview and performing a mental status examination.  Tr. 690-96.  Dr. Genthe assessed Plaintiff's prognosis as "fair," ascribing certain functional limitations, but concluded "a period of 6-9 months may likely be sufficient to address her treatment needs at least moderately well, and help her regain the necessary emotional functioning to resume fulltime work related activities."  Tr. 695.  The ALJ found this opinion unpersuasive.  Tr. 25-26.

Among other reasons, the ALJ discounted Dr. Genthe's opinion on the ground the doctor assessed Plaintiff's impairments as lasting less than twelve months.  Because the opinion did not satisfy the statutory duration period, *see* 42 U.S.C. § 423(d)(1)(A) (impairment only counts as "disability" if it "has lasted or can be expected to last for a continuous period of not less than 12 months"), the ALJ reasonably discounted the opinion on this ground.

Because the ALJ gave at least one valid reason for discounting this opinion, the Court need not address the balance of the ALJ's stated reasons for discounting the opinion.  Any inclusion of erroneous reasons was inconsequential and therefore harmless.  *See Molina*, 674 F.3d at 1115.

### 3.    Charles Wolfe, M.D. and Sterling Moore, M.D.

Dr. Wolfe conducted a physical residual functional capacity assessment at the administrative level, opining, among other things, Plaintiff would be able to stand and/or walk for 4 hours a day and sit for about 6 hours in an 8-hour workday.  Tr. 146.  Dr. Moore

endorsed Dr. Wolfe's assessment on reconsideration. Tr. 167. The ALJ found these opinions persuasive. Tr. 27.

Plaintiff contends the ALJ erroneously found these opinions more persuasive than the opinions discussed above.  ECF No. 8 at 7-14.  However, the ALJ was not required to provide reasons in support of incorporating medical opinions into the residual functional capacity determination.  *See Turner v. Comm'r of Soc. Sec. Admin.*, 613 F.3d 1217, 1223 (9th Cir. 2010).

**B.    Subjective Complaints**

Plaintiff contends the ALJ erred by not properly assessing Plaintiff's symptom complaints.  ECF No. 8 at 17-19.  Where, as here, the ALJ determines a claimant has presented objective medical evidence establishing underlying impairments that could cause the symptoms alleged, and there is no affirmative evidence of malingering, the ALJ can only discount the claimant's testimony as to symptom severity by providing "specific, clear, and convincing" reasons supported by substantial evidence. *Trevizo v. Berryhill*, 871 F.3d 664, 678 (9th Cir. 2017). The Court concludes the ALJ offered clear and convincing reasons to discount Plaintiff's testimony.

Among other grounds, the ALJ discounted Plaintiff's testimony as inconsistent with the medical evidence.  Tr. 23.  "Contradiction with the medical record is a sufficient basis for rejecting the claimant's subjective testimony." *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008) (citing *Johnson v. Shalala*, 60 F.3d 1428, 1434 (9th Cir. 1995)).  Substantial evidence supports the ALJ's discounting of Plaintiff's testimony on this ground.  Specifically, contrary to Plaintiff's allegation, the ALJ noted that Dr. Dhiman, Dr. Moore, Dr. Wolfe, and PA-C Agostinelli did not assess manipulative limitations.  Tr. 23; *see, e.g.*, Tr. 702 (PA-C Agostinelli assessing no manipulative limitations).  Plaintiff, who bears the burden of showing the ALJ harmfully erred, *see Ludwig v. Astrue*, 681 F.3d 1047, 1054 (9th Cir. 2012) (holding that the party challenging an administrative decision bears the burden of proving harmful error) (citing *Shinseki v. Sanders*, 556 U.S. 396, 407-09 (2009)),

ORDER DENYING PLAINTIFF'S MOTION - 6

notably fails to challenge this finding.  The Court concludes the ALJ did not err by discounting Plaintiff's testimony on this ground.

The ALJ also found Plaintiff's allegation concerning the use of a cane unsupported by the record.  Tr. 23.  This reason is clear and convincing, *see Verduzco v. Apfel*, 188 F.3d 1087, 1090 (9th Cir. 1999) (considering a claimant's use of an assistive device without clear medical indication as one valid credibility consideration), and is supported by substantial evidence.  Plaintiff testified that, at the direction of her primary care doctor, she had been using a cane "for about two years." Tr. 81.  However, as in *Verduzco*, "none of [Plaintiff's] doctors had ever indicated that [she] used or needed to use an assistive device in order to walk."  *See* 188 F.3d at 1090; *see, e.g.*, Tr. 700 (PA-C Agostinelli noting "[g]ait is normal based and normal strided. … There is no unsteadiness of gait.  No assistive devices."); Tr. 1147 (treatment note indicating "[g]ait demonstrates no antalgia. … Assistive device is not used."); Tr. 1198 (same).  Plaintiff notably fails to challenge this finding.  The Court concludes the ALJ did not err by discounting Plaintiff's testimony on this ground.

Because the ALJ gave at least two valid reasons for discounting Plaintiff's testimony, the Court need not address the balance of the ALJ's stated reasons for discounting Plaintiff's testimony.  Any inclusion of erroneous reasons was inconsequential and therefore harmless.  *See Carmickle*, 533 F.3d at 1162.

## CONCLUSION

Having reviewed the record and the ALJ's findings, the Court finds the ALJ's decision is supported by substantial evidence and free of error.  Accordingly,

**IT IS ORDERED** that:

1. Plaintiff's motion to reverse, filed September 1, 2023, **ECF No. 8**, is **DENIED**.

2. Defendant's motion to affirm, filed October 6, 2023, **ECF No. 10**, is **GRANTED**.

The District Court Executive is directed to file this Order and provide copies to counsel.  Judgment shall be entered for Defendant and the file shall be **CLOSED**.

ORDER DENYING PLAINTIFF'S MOTION - 7

1

     **DATED** this 11th day of March, 2024.

2

3

                            WM. FREMMING NIELSEN

4

03-08-24                    SENIOR UNITED STATES DISTRICT JUDGE

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ORDER DENYING PLAINTIFF'S MOTION - 8